UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RALPH DWAYNE OWEN,

Petitioner,

v.

U.S. ATTORNEY GENERAL, and
Warden CONSTANCE REESE,

Respondents.

Civil No. 01-474 (MJD/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be SUMMARILY DISMISSED, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 1992, a federal court jury in the Eastern District of Washington found Petitioner guilty of being a felon in possession of a firearm. He was also convicted for attempted bank robbery and carrying a firearm in relation to a crime of violence, but those two convictions were overturned on direct appeal. United States v. Owen, No. 92-30428

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED MAR 20 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(9th Cir. 1994), 1994 WL 143948 (unpublished decision). He is now serving a 188-month federal prison sentence because of the one surviving conviction, and he is currently confined within this District at the Federal Medical Center in Rochester, Minnesota.

Following his direct appeal, Petitioner filed a motion for relief under 28 U.S.C. § 2255, in which he challenged the validity of his sentence. He argued that the trial court had improperly enhanced his sentence based on his prior criminal record. He further argued that he had not received effective assistance of legal counsel at his trial. The trial court denied Petitioner's § 2255 motion, and the Ninth Circuit Court of Appeals affirmed. United States v. Owen, No. 96-35460 (9th Cir.) 1998 WL 10745 (unpublished opinion), cert. denied, 525 U.S. 849 (1998).

In 1999, Petitioner attempted to file a second § 2255, claiming that his equal protection rights were violated because of the racial composition of the jury that convicted him. That motion was summarily dismissed because (a) Petitioner had not obtained the Ninth Circuit's pre-approval for a second § 2255 motion, (as required by the final paragraph of the statute), and (b) the motion was time-barred under the sixth paragraph of § 2255, which establishes a one-year statute of limitations for § 2255 motions. (See Order of U.S. District Court Judge Fred Van Sickle, dated January 5, 2000, in United States v. Owen, No. CR-92-050-FVS (E.D. Wash.); copy attached to petition, [Docket No. 1].)

Petitioner then asked the Ninth Circuit to grant him permission to file a second § 2255 motion, pursuant to 28 U.S.C. § 2244(b)(3). That request was denied in March 2000. (See Order by Ninth Circuit Court of Appeals filed March 7, 2000, in Owen v. United States, No. 00-70158 (9th Cir. 2000); copy attached to petition, [Docket No. 1].)

On March 15, 2001, Petitioner filed his current petition seeking habeas

corpus relief under 28 U.S.C. § 2241. He is again attempting to challenge his 1992 criminal conviction and sentence, based on the racial composition of the grand jury and petit jury in his case. Petitioner's claims will not be addressed on the merits, however, for the reasons discussed below. Instead, it will be recommended that the petition be summarily dismissed pursuant to Rule 4.

## II. DISCUSSION

It is well-settled that a federal prisoner normally can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

In this case, Petitioner is clearly challenging the validity of his original conviction, and his habeas corpus petition is therefore subject to § 2255's exclusive

remedy rule. Ordinarily, Petitioner's application for relief under § 2241 might simply be construed as a motion brought under § 2255. The matter could then be transferred to the trial court so that Petitioner's claims could be addressed on the merits there. In this case, however, Petitioner is precluded from seeking relief under § 2255 in the trial court, because he has already done so twice before. Any § 2255 action that Petitioner might now attempt to maintain would have to be construed as a "second or successive" application for relief, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255 [¶ 8].[2]

---

[2] According to the final paragraph of 28 U.S.C. § 2255:

> "A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2244(b)(3) provides that:

> "(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. **[continued]**
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

Without a proper pre-authorization order from the appropriate Court of Appeals, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion).[3]

Because Petitioner has not obtained a pre-authorization order from the Ninth Circuit, a new § 2255 motion could not properly be entertained by the trial court at this time. Furthermore, Petitioner is no longer eligible for relief under § 2255, because the one-year statute of limitations for motions brought under that statute has expired. It would therefore be inappropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted.

Moreover, it clearly appears that Petitioner has deliberately elected to file a § 2241 habeas corpus petition, rather than seeking relief under § 2255. He apparently believes that because he is not currently eligible for relief under § 2255, (for the reasons discussed above), the remedy provided by that statute has become "inadequate or ineffective to test the legality" of his convictions. Thus, he apparently reasons, § 2255's exclusive remedy rule should not be applied to his current petition, and he should be allowed to pursue his claims in a § 2241 habeas corpus proceeding at this time.

If Petitioner's reasoning were accepted, then any prisoner whose § 2255 claims were procedurally barred could bring his claims in a § 2241 habeas corpus petition.

---

[3] Petitioner is obviously well aware of the fact that he must obtain pre-authorization from the Ninth Circuit Court of Appeals before he can file another § 2255 motion. Indeed, he has already sought pre-authorization, and was turned down.

That, however, cannot be so. The one-year statute of limitations, and the rules barring successive § 2255 motions, would be rendered meaningless, if any prisoner whose § 2255 claims were procedurally barred could simply contend that the remedy provided by § 2255 had become "inadequate or ineffective" and that he was therefore entitled to bring his claims in a § 2241 habeas corpus action. Congress could not have intended for the rules governing procedural default to be so easily evaded.

Thus, it is not surprising that our Court of Appeals has confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). Similar decisions have been reached in other circuit courts that have considered this subject. See e.g., Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) ("the dismissal of a subsequent § 2255 motion pursuant to 28 U.S.C. § 2244(b) does not render federal habeas relief an ineffective or inadequate remedy"), cert. denied, 528 U.S. 1178 (2000); United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) (a petition under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the requirements for filing a second § 2255 motion), cert. denied, 528 U.S. 1176 (2000); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, [citations omitted], or because the petitioner is procedurally barred from pursuing relief under § 2255, [citations omitted], or because the petitioner has

been denied permission to file a second or successive motion to vacate, [citation omitted]"); In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision... or because an individual is procedurally barred from filing a § 2255 motion").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added). Applying this rule here, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241. He had a reasonable opportunity to raise his current claims for relief on direct appeal, and again in his first § 2255 motion to the trial court. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he is no longer eligible for relief under that statute.

Nor can Petitioner validly contend that his claims are based on any post-judgment change in the law. He argues he was not aware of his current claims until he heard about the Supreme Court's decision in Campbell v. Louisiana, 523 U.S. 392 (1998). He has not shown, however, that Campbell effected any change in the law relevant to his case. Campbell affirmed that a white criminal defendant can challenge the racial composition of an all white jury, but that principle was established before Petitioner had even committed his crime. See Powers v. Ohio, 499 U.S. 400 (1991). The Campbell decision did not overturn any existing constitutional precedents or reinterpret any federal statute; nor did it otherwise change any rule of law that was in effect when Petitioner was

convicted.[4]

## III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's application for habeas corpus relief challenges the validity of his conviction and sentence; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner has already filed a previous § 2255 motion and he is precluded from filing another one without pre-authorization from the Ninth Circuit Court of Appeals; and (4) Petitioner's inability to file another § 2255 motion (without pre-authorization) does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule.

Thus, the Court concludes that Petitioner cannot challenge the validity of his original conviction and/or sentence in a habeas corpus petition brought under 28 U.S.C. § 2241. The instant petition, which directly challenges the validity of Petitioner's criminal conviction, must therefore be summarily dismissed.[5]

---

[4] The Court further notes that this is not a case where a prisoner is being kept in prison despite the existence of new, previously undiscoverable, evidence that affirmatively demonstrates his actual innocence. Petitioner's current grounds for relief are based on matters that were either known or knowable at the time of his trial, at the time of his direct appeal, and at the time of his first § 2255 motion. Furthermore, Petitioner never suggests that he did not commit the crime for which he was convicted; he is merely challenging the procedural propriety of his case.

[5] Because Petitioner has failed to state an actionable habeas corpus claim, it is further recommended that his motion for appointment of counsel, (Docket No. 3), be summarily denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

(1) Petitioner's motion for appointment of counsel, (Docket No. 3), be DENIED; and

(2) Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED.

Dated: March 20th, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

cognizable claim for relief).