UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ralph Dwayne Owen,

Petitioner,

v.

ORDER
Civil No. 01-474(MJD/AJB)

U.S. Attorney General and
Warden Constance Reese,

Respondents.

---

The above-entitled matter comes before the Court upon the Petitioner's objections to the Report and Recommendation of United States Magistrate Judge Arthur J. Boylan dated March 20, 2001, which recommends that the Petitioner's motion for appointment of counsel and application for habeas corpus relief be dismissed.

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based on that review the Court ADOPTS the Report and Recommendation dated March 20, 2001.

IT IS HEREBY ORDERED:

1. Petitioner's Motion for Appointment of Counsel [Docket No. 3] is DENIED.

2. Petitioner's Application for Habeas Corpus Relief pursuant to 28 U.S.C. § 2241 is DISMISSED.

FILED JUN 1 5 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD JUN 1 5 2001
DEPUTY CLERK

3. Petitioner's Renewed Motions for Appointment of Counsel [Docket Nos. 8 and 11], Motion for Order Preventing Prison Staff from Opening Legal Mail Without the Presence of Inmate [Docket No. 9] and Motion for Production of Documents [Docket No. 12] are denied as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: 6-14-01

Michael J. Davis
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:** June 15, 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.